O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RALPH DAVID REY, | Case No. EDCV 11-0234-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Ralph David Rey seeks judicial review of the Commissioner's denial of his application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits under the Social Security Act. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed and the action is dismissed with prejudice.

//

//

//

**I. Factual and Procedural History**

Plaintiff was born on July 31, 1957. (Administrative Record ("AR") 20.) He earned a GED degree and has relevant work experience as a janitor, laborer, general construction worker, and tree cutter. (AR 20, 375.)

Plaintiff filed applications for SSDI and SSI benefits on May 25, 2007, alleging disability beginning December 1, 2006 due to seizures, coronary artery disease, and hypertension. (AR 125.) The Commissioner denied Plaintiff's application initially and upon reconsideration. A hearing was held before ALJ Jesse J. Pease on January 15, 2009, at which Plaintiff, his then-wife, and a vocational expert ("VE") testified. (AR 23-61.) The ALJ issued an unfavorable decision on March 3, 2009. (AR 9-22.) After the Appeals Council denied review, Plaintiff filed an action for judicial review in this Court, *Rey v. Astrue,* Case No. EDCV 09-1584-MLG. On March 25, 2010, the administrative decision was vacated and the case was remanded to the Commissioner based upon the ALJ's failure to make proper credibility findings. (AR 396-411.)

A second administrative hearing was held before ALJ Pease on April 30, 2010. (AR 359-378.) On October 20, 2010, the ALJ again denied Plaintiff's application for benefits. (AR 348-356.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 1, 2006. (AR 350.) The ALJ further found that Plaintiff had the following severe impairments: alcoholism, alcohol-induced seizure disorder, and alcohol-induced liver disease. (Id.) After determining that Plaintiff's severe impairments did not meet or equal any listed impairment, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at "less than a full range of light exertion." (AR 350-351.) Specifically, the ALJ found

that Plaintiff retained the following RFC: "The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. He can stand and walk for 6 hours out of an 8-hour workday. He cannot climb, but he can occasionally balance, stoop, kneel, crouch, and crawl. He should avoid hazardous conditions such as working at heights or with dangerous machinery." (AR 351.)

The ALJ concluded that, given this residual functional capacity, Plaintiff was unable to perform any past relevant work. (AR 355.) The ALJ found, however, that given Plaintiff's age, education, work experience and RFC, there were other jobs that exist in significant numbers in the national economy that he could perform, including small products assembler, inspector/hand packer, and office helper. (AR 356.) The ALJ then concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff timely filed this action, and the parties filed a Joint Stipulation ("Joint Stip.") addressing the disputed issues on September 14, 2011. Plaintiff alleges that the ALJ erred by: (1) failing to properly consider all of the relevant medical evidence of record in the case and, in particular, disregarding the opinion of Plaintiff's treating physician, Dr. Manuel Montemayor; and (2) failing to properly assess the credibility of Plaintiff and his ex-wife. (Joint Stip. 4.) Plaintiff requests that the Court vacate the ALJ's decision and remand solely for an award of benefits, or, in the alternative, that the matter be remanded for further proceedings. (Joint Stip. 20.) Defendant requests that the ALJ decision be affirmed. (Joint Stip. 20-21.)

//
//
//

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Court must uphold the Social Security Administration's disability determination unless it is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Analysis**

    **A.**    **The ALJ Accorded Appropriate Weight to the Opinion of Plaintiff's Treating Physician**

Plaintiff claims that the ALJ erred in failing to discuss the August 10, 2010 opinion of his treating physician, Dr. Manuel Montemayor, M.D. (Joint Stip. 4.) Plaintiff contends that the medical report prepared by Dr. Montemayor on August 10, 2010 establishes that he has marked limitations in the ability to perform various work-related

4

functions. More specifically, Dr. Montemayor diagnosed Plaintiff with alcohol-related liver disease with a poor prognosis and opined that he was permanently incapacitated, although a liver biopsy would be necessary before the degree and permanence of the incapacity could be determined. (AR 504.) The ALJ did not specifically reference this report in his decision. (AR 348-356.)

An ALJ should generally accord greater probative weight to a treating physician's opinion than to opinions from non-treating sources. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyen v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. *Orn*, 495 F.3d at 631-33; 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

The ALJ did not err by failing to mention Dr. Montemayor's August 2010 report. An ALJ is not required to discuss all evidence presented but need only explain why "significant probative evidence has been rejected." *See Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Here, Dr. Montemayor's report cannot be deemed

to be "significant probative evidence." The report was merely a "check-the-box" form without any supporting clinical or laboratory findings. It is a one-page report, in which Dr. Montemayor checked off preprinted choices and did not provide any elaboration or explanation for his opinions. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (holding that the ALJ properly rejected a physician's determination where it was "conclusory and unsubstantiated by relevant medical documentation"); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ permissibly rejected "check-off reports that did not contain any explanation of the bases of their conclusions").

Further, Dr. Montemayor's August 2010 report acknowledges that additional medical testing, namely a biopsy of Plaintiff's liver, would be needed before the degree and permanence of any incapacity could be determined. (AR 504.) Thus, it was reasonable for the ALJ not to give controlling weight to a report that was equivocal in its conclusion that Plaintiff was permanently disabled and unable to work.

Finally, although the ALJ did not specifically discuss the August 2010 report by Dr. Montemayor, he nevertheless discussed other medical reports arising from Plaintiff's visits to Dr. Montemayor that were inconsistent with the report's conclusion that Plaintiff was permanently incapacitated. For example, the ALJ noted that when Plaintiff was seen by Dr. Montemayor in March 2010 for complaints of a rash, he denied having any seizures for the past year and Plaintiff was "without any other new significant complaint." (AR 353, citing AR 487.) The ALJ also specifically discussed various other records from Dr. Montemayor and other practitioners at the San Manuel Clinic from November 2008 through September 2009, which were largely normal and unremarkable. (AR 352-353.)

Accordingly, the ALJ did not err in failing to discuss Dr. Montemayor's August 2010 one-page report. Moreover, even if the ALJ erred in failing to discuss this report, any error was harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (harmless error rule applies to review of administrative decisions regarding disability), *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991). Therefore, Plaintiff is not entitled to relief on this claim of error.

**B.   The ALJ Made Proper Credibility Determinations Regarding the Testimony of Plaintiff and His Wife**

Plaintiff contends that the ALJ again failed to properly assess the credibility of Plaintiff and his ex-wife, despite this Court's order requiring the ALJ to make proper credibility determinations on remand. (Joint Stip. 12.)

To determine whether a claimant's testimony about subjective pain or symptoms is credible, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter*, 504 F.3d at 1035-36). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce' the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d at 345. To the extent that an individual's claims of functional limitations and restrictions are reasonably consistent with the objective medical evidence and other evidence in the case, the

claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[1]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may additionally employ "ordinary techniques of credibility evaluation," such as weighing inconsistent statements regarding symptoms by the claimant. *Id*.

In the present case, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with [the ALJ's] residual functional capacity assessment." (AR 352.) Because Plaintiff met his burden of producing objective medical evidence of underlying impairments reasonably likely to cause his symptoms, the ALJ was required to offer

---

[1] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and 'do not have the force of law,' [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3 (internal citations omitted).

specific, clear and convincing reasons for rejecting Plaintiff's and his wife's testimony regarding Plaintiff's symptoms and their affect on his ability to work. *See Bunnell*, 947 F.2d at 343; *see also Vasquez*, 572 F.3d at 592 (quoting *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993))("To support a lack of credibility finding, the ALJ [is] required to 'point to specific facts in the record which demonstrate that [the claimant] is in less pain than she claims.'")

### 1. The ALJ Properly Discredited Plaintiff's Testimony

At the April 30, 2010 hearing, Plaintiff testified that his condition was largely unchanged from the date of the last administrative hearing on January 15, 2009, except that he has gotten weaker. (AR 362.) Plaintiff testified that he had a grand mal seizure the previous July and that he has three petit mal seizures per week. (AR 363.) He testified that he continues to have tremors in his arms and legs. (AR 364.) He also testified that he has trouble concentrating and remembering and that he has difficulty sleeping. (AR 364-365.) He reported that he has fecal incontinence once every two weeks and that his cirrhosis medication requires him to take frequent bathroom breaks throughout the day. (AR 367-369.)

The ALJ provided three reasons for discrediting Plaintiff's testimony regarding his symptoms and functional limitations, each of which is fully supported by the record. First, the ALJ noted that, although Plaintiff complained of serious symptoms, such as weakness, arm and leg tremors, and fecal incontinence, the medical record demonstrates that Plaintiff generally did not report these symptoms to his physicians. (AR 353.) For example, the treatment notes demonstrate that his arm and leg tremors were only noted on a single occasion in September 2007, and that he has otherwise not reported this symptom to

his physicians. (Id., citing AR 340.) Similarly, although Plaintiff complained of fecal incontinence occurring at least once every two weeks, the treatment notes show that Plaintiff never raised this issue with his physicians, and his ex-wife mentioned occasional incontinence only once during an October 2008 office visit. (Id., citing AR 470.)

The ALJ also properly noted that Plaintiff's claims regarding the frequency of his grand and petit mal seizures was contradicted by the medical records. (AR 352-353.) The records indicate that Plaintiff reported to his medical providers that he had four seizures in 2007 and one in 2008, which the ALJ noted was of less frequency than Plaintiff testified. (AR 352, citing AR 181, 186, 216, 340, 470.) The ALJ also noted that Plaintiff reported to his physicians in November 2008 and September 2009 that he had not had any recent seizure episodes. (AR 352-353, citing AR 473, 484.) The ALJ also observed that, although Plaintiff testified to having three petit mal seizures per week, he reported in March 2010 to the San Manuel Clinic that he had not had any seizures in a year. (AR 353, citing AR 487-488.) Thus, the ALJ properly determined that Plaintiff was not fully credible given his inconsistent statements regarding his symptoms. *Smolen*, 80 F.3d at 1284.

The ALJ also properly determined that Plaintiff's ability to perform certain daily activities, such as washing dishes, cooking, mopping the floor, watering the lawn, grocery shopping and watching his young grandchildren for extended periods, were at odds with his claims of debilitating pain. (AR 354, citing AR 198.) While it is true that "one does not need to be 'utterly incapacitated' in order to be disabled," *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001), the extent of Plaintiff's activity here supports the ALJ's finding that Plaintiff's reports of his impairment were not fully credible. *See Bray*

10

*v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing *Fair*, 885 F.2d at 604).

The ALJ made specific findings articulating clear and convincing reasons for his rejection of Plaintiff's subjective testimony. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. *Magallanes v. Brown*, 881 F.2d 747, 750 (9th Cir. 1989). A reviewing court may not second-guess the ALJ's credibility determination when it is supported by substantial evidence in the record, as here. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). It was reasonable for the ALJ to rely on the reasons stated above, each of which is fully supported by the record, in rejecting the credibility of Plaintiff's subjective complaints. In sum, the ALJ reasonably and properly discredited Plaintiff's subjective testimony regarding the severity of his symptoms as not being wholly credible.

**2.  The ALJ Properly Discredited Plaintiff's Wife's Testimony**

Plaintiff contends that the ALJ also erred by not crediting his ex-wife's testimony regarding the severity of Plaintiff's symptoms. (Joint Stip. 14-15.) Plaintiff's then-wife, Theresa M. Rey, testified at the first administrative hearing that Plaintiff had seven grand mal seizures in 2008, each requiring a week of recovery time (AR 48-49); that Plaintiff experienced petit seizures approximately three times a week, which caused his arms and legs to shake and left him confused and sore the next day (AR 43-44); that Plaintiff experienced body tremors three

or four times a week, lasting for several hours, that sapped Plaintiff of his strength (AR 45-46); that she and her brother often had to help Plaintiff to the restroom because he was confused and shaky (AR 47); that Plaintiff often has bathroom accidents as a result of his medication (AR 47); and that she does everything for Plaintiff (AR 46-47).

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Dodrill*, 12 F.3d at 918-19. The ALJ provided two reasons for finding Ms. Rey's testimony not wholly credible, both of which the Court finds to be clear and convincing.

First, the ALJ found that Plaintiff's ex-wife's testimony was not fully credible because it was contradicted by other evidence in the record. For instance, the ALJ noted that Ms. Rey testified that Plaintiff had at least seven grand mal seizures in 2008 but the medical records show that Plaintiff reported having only one seizure in 2008. (AR 354, 470.) Similarly, the ALJ noted that Ms. Rey's testimony that Plaintiff had three petit mal seizures per week was contradicted by Plaintiff's own report in March 2010 to the San Manuel Clinic that he had not had any seizures in a year. (AR 354, 487-488.) As discussed above with respect to Plaintiff's testimony, inconsistencies between Ms. Rey's testimony and other statements in the record is a legitimate reason for the ALJ to discredit her testimony.

The ALJ also declined to give great weight to Ms. Rey's testimony because it conflicted with the medical evidence. The ALJ noted that, although Ms. Rey testified that Plaintiff had chronic arm tremors,

needed assistance with basic hygiene and was confused and in pain for a week after a seizure, there is no evidence that any of these symptoms were reported to Plaintiff's health care providers. The ALJ may discount lay testimony if it conflicts with medical evidence. *Lewis*, 236 F.3d at 511.

The ALJ's credibility determination regarding Plaintiff's ex-wife's testimony was supported by substantial evidence in the record Accordingly, Plaintiff is not entitled to relief on this claim.

## IV. Conclusion

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED**.

DATED: September 29, 2011

                                                MARC L. GOLDMAN
                                                Marc L. Goldman
                                                United States Magistrate Judge